**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

NAYELI ALEJANDRA GONZALEZ REYES,

Plaintiff,

v.

CARRIE M. SELBY, Acting Associate Director, Service Center Operations Directorate of U.S. Citizenship and Immigration Services, et al.

Defendants.

Civil Action No. 1:26-cv-11971-FDS

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants in the above-captioned action hereby answer Plaintiff Nayeli Alejandra Gonzalez Reyes' Complaint as follows:

**INTRODUCTION**

1. Paragraph 1 of the Complaint consists of Plaintiff's characterization of her action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2. Paragraph 2 of the Complaint consists of Plaintiff's characterization of her action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

3. Paragraph 3 of the Complaint consists of Plaintiff's characterization of her action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 3 references documents, the contents of

which speak for themselves; thus, no response is required; otherwise, the allegations contained in Paragraph 3 are denied.

4. Paragraph 4 of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, the allegations are denied.

**JURISDICTION**

5. The allegations contained in paragraph 5 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations contained in paragraph 6 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**STANDING**

7. The allegations contained in paragraph 8 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 7; therefore, it is denied.

**VENUE**

8. The allegations contained in paragraph 8 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**PARTIES**

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint; therefore, they are denied.

10. Defendants admit that Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"). Defendants deny that he is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 10 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

11. Defendants admit that Troy Edgar is the Deputy Secretary for the DHS. Defendants deny that he is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 11 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

12. Defendants admit that Joseph B. Edlow is the Director of USCIS. Defendants deny that he is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 12 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

13. Defendants admit that Angelica Alfonso-Royals is the Deputy Director of USCIS. Defendants deny that she is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 13 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

14. Defendants aver that Sarah Kendall is the Associate Director, Field Operations Directorate of USCIS.[1] Defendants deny that she is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 14 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

15. Defendants admit that Susan Dibbins is the Chief of the Administrative Appeals Office ("AAO"). Defendants deny that she is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 15 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

16. Defendants aver that Carrie M. Selby is the Associate Director, Service Center Operations Directorate of USCIS.[2] Defendants deny that she is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 16 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

**STATUTORY AND REGULATORY BACKGROUND**

17. The allegations contained in paragraph 17 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 17 refers to a statute, the contents of which speak for itself; otherwise, the allegations in Paragraph 17 are denied as averred herein.

---

[1] Sarah Kendal began serving in this capacity on May 4, 2025.

[2] Carrie M. Selby began serving in this capacity on April 16, 2026.

18. The allegations contained in paragraph 18 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 18 refers to a regulation, the contents of which speak for itself; otherwise, the allegations in Paragraph 18 are denied as averred herein.

19. The allegations contained in paragraph 19 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 19 refers to a regulation and USCIS policy, the contents of which speak for itself; otherwise, the allegations in Paragraph 19 are denied as averred herein.

20. The allegations contained in paragraph 20 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 20 refers to a regulation, the contents of which speak for itself; otherwise, the allegations in Paragraph 20 are denied as averred herein.

21. The allegations contained in paragraph 21 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 21 refers to a regulation, the contents of which speak for itself; otherwise, the allegations in Paragraph 21 are denied as averred herein.

22. The allegations contained in paragraph 22 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 22 refers to a regulation, the contents of which speak for itself; otherwise, the allegations in Paragraph 22 are denied as averred herein.

23. The allegations contained in paragraph 23 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the

allegations are denied. In further responding, Paragraph 23 refers to a regulation, the contents of which speak for itself; otherwise, the allegations in Paragraph 23 are denied as averred herein.

24. The allegations contained in paragraph 24 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 24 refers to a regulation and USCIS policy manual, the contents of which speak for itself; otherwise, the allegations in Paragraph 24 are denied as averred herein.

25. The allegations contained in paragraph 25 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. In further responding, Paragraph 25 refers to a regulation, the contents of which speak for itself; otherwise, the allegations in Paragraph 25 are denied as averred herein.

**STATEMENT OF FACTS**

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint; therefore, the allegations in Paragraph 26 are denied. Answering further, Paragraph 26 references Exhibit A, a written document, the contents of which speak for itself; otherwise, as averred herein, the allegations are denied.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint; therefore, the allegations in Paragraph 27 are denied.

28. Defendants admit that Plaintiff filed an application for T Nonimmigrant Status. Answering further, Defendants state that Exhibits A–B to the Complaint are written documents, the contents of which speak for themselves. Further, the allegations contained in paragraph 28 of

the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Lastly, Paragraph 28 references a regulation, the contents of which speak for itself; otherwise, all remaining allegations not responded herein are denied.

29. Defendants admit that USCIS sent Plaintiff a Request for Evidence ("RFE") on February 27, 2024. Answering further, Defendants state that Exhibit C to the Complaint is a written document, the contents of which speaks for itself. The remaining allegations contained in paragraph 29 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

30. Defendants admit that USCIS received Plaintiff's response to the RFE, attached to the Complaint as Exhibits D and E, both written documents, the contents of which speak for themselves. The remaining allegations contained in paragraph 30 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

31. Defendants admit they denied the application referenced in Paragraph 31. Admitted. Answering further, Defendants state that Exhibits F and G to the Complaint are written documents, the contents of which speak for themselves. The remaining allegations contained in paragraph 31 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

32. Defendants admit Plaintiff filed a Notice of Appeal. Answering further, Defendants state that Exhibit H to the Complaint is a written document, the contents of which speak for itself.

33. Defendants admit the allegations in Paragraph 33 of the Complaint. Answering further, Defendants state that Exhibits I and J are written documents, the contents of which speak for themselves.

34. Defendants admit the allegations in Paragraph 34 of the Complaint. Answering further, Defendants state that Exhibits K and L are written documents, the contents of which speak for themselves.

35. Defendants admit the allegations in Paragraph 35 of the Complaint. Answering further, Defendants state that Exhibit M is a written document the contents of which speak for itself.

36. Defendants admit the allegations in Paragraph 36 of the Complaint. Answering further, Defendants state that Exhibits N and O are written documents, the contents of which speak for themselves.

37. Defendants admit the allegations in Paragraph 37 of the Complaint. Answering further, Defendants state that Exhibit P is a written document, the contents of which speak for itself.

38. Defendants admit the allegations in Paragraph 38 of the Complaint. Answering further, Defendants state that Exhibit Q is a written document, the contents of which speak for itself.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint. Answering further, Defendants state that Exhibit R is a written document, the contents of which speak for itself.

40. Defendants admit Plaintiff's Appeal was dismissed by the AAO on January 28, 2026. Answering further, Defendants state that Exhibit S to the Complaint is a written document,

the contents of which speak for itself. The remaining allegations contained in paragraph 40 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent that a response is required, the allegations in paragraph 40 are denied.

**COUNT ONE**
**(Violation of The APA – Arbitrary and Capricious (5 U.S.C. § 706(2))**

41. Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 40 of the Complaint above as though fully set forth herein.

42. The allegations contained in paragraph 42 of the Complaint consist of Plaintiff's conclusions of law to which no response is required, and characterizations of legal authorities which Defendants aver speak for themselves and no response is required; otherwise, the allegations in paragraph 42 are denied.

43. The allegations contained in paragraph 43 of the Complaint consist of Plaintiff's conclusions of law to which no response is required, and characterizations of legal authorities which Defendants aver speak for themselves and no response is required; otherwise, the allegations in paragraph 43 are denied.

44. The allegations contained in paragraph 44 of the Complaint consist of Plaintiff's conclusions of law to which no response is required, and characterizations of legal authorities which Defendants aver speak for themselves and no response is required; otherwise, the allegations in paragraph 44 are denied.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

**PRAYER FOR RELIEF**

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, the allegations are denied.

## GENERAL DENIAL

Defendants expressly deny each and every allegation not specifically admitted, denied or otherwise qualified in this Answer.

## DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendants' actions were not in violation of any federal law or in violation of the United States Constitution.

3. The agency's decision in this civil action was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

4. The agency decision at issue in this case was supported by substantial evidence.

5. All actions taken by Defendants were supported by the administrative record.

6. Plaintiff is not entitled to any relief, attorney's fees, or court costs.

Defendants reserve the right to amend, alter, and supplement these defenses as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation, and reserve the right to raise any defense that may be supported by the record in this case. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

WHEREFORE, Defendant United States of America respectfully requests that this Court grant judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant any further relief as the Court deems just and appropriate.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: August 27, 2026

By: */s/ Michael Sady*
Michael Sady
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3362
Email: Michael.Sady@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Michael Sady, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: August 27, 2026

By: */s/ Michael Sady*
Michael Sady
Assistant United States Attorney